ORIGINAL

ECF

FILED
APR 22 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Government Telecommunications, Inc.
4500 Southgate Place, Suite 300
Chantilly, Virginia 20151,

Plaintiff,

v.

The United States,

Defendant.

No. 05- 491C

## NOTICE OF DIRECTLY RELATED CASE

COMES NOW the Plaintiff, Government Telecommunications, Inc. (GTI), by counsel, and hereby discloses to the Court the existence of a "Directly Related Case" as that term is defined in RCFC 40.2.

*Identification of Directly Related Case*

The directly related case is captioned "Government Telecommunications, Inc. v. The United States." The case was filed on April 11, 2005, has been given the docket number Civil Action 05-463C, and has been assigned to Senior Judge Loren A. Smith.

*Relationship of the Two Actions*

The instant case and the directly related case both involve the same parties and the same contract. As such, both tests as set forth in RCFC 40.2(a)(1) are met in determining whether two actions are deemed "directly related."

*Request for Consolidation*

Plaintiff believes that in the dual interests of judicial economy and the promotion of an efficient determination of the actions, that the instant case be assigned to Senior Judge Smith and

that it be consolidated with the earlier-filed directly related action. In that regard, Plaintiff states further that while the instant case and the directly related case involve separate claims under the Contract Disputes Act, they embrace the same parties, the same contract, and, to a large extent, the same witnesses. It is manifest that consolidation of the two cases is in the best interests of the Court, the parties, and respective counsel.

*Notice of Subsequent Docket Activity Involving the Parties*

At this juncture, Plaintiff wishes to advise the Court of the universe of claims and other activity arising under Contract 3AAERD-03-P-6080 (the Contract) between the United States Postal Service (USPS or Postal Service) and GTI and to give the Court notice of other filings Plaintiff likely will make in additional related proceedings. To place matters in perspective, the Court should be aware that the Postal Service terminated the Contract for its convenience on January 14, 2005. Notice of that termination for convenience was received by GTI on January 18, 2005. On March 31, 2005, GTI submitted its termination settlement proposal as a result of USPS's convenience termination of the Contract.

Prior to USPS's termination of the Contract for its convenience, however, GTI on various dates filed six discrete Requests for Equitable Adjustment (REAs). Using a "short form" designation of the matters addressed by these REAs, the REAs and the amounts sought by each are as follows: (1) Security Requirements -- $101,557; (2) Site Surveys -- $266,315; (3) Liquidtight Solution -- $82,364; (4) Phase II Option CLIN Re-Pricing -- $793,415; (5) Full Quantities of Program Management -- $4,949,421; and (6) Site Complexity -- $756,946. In the aggregate, these six REAs total $6,950,018. These REAs are wholly separate and distinct from the subject matter and pricing addressed by GTI's March 31, 2005 termination settlement proposal.

For each of these REAs, GTI on multiple occasions attempted to engage USPS into a dialogue intended to lead to the execution of a contract modification. Despite these entreaties, USPS failed and / or refused to even discuss the REAs. In light of this apparent indifference and demonstrated inaction on moving these REAs toward resolution in the normal course of Contract administration, GTI declared for each REA following the passage of an appropriate interval of time there to be a "constructive impasse" in the discussions. Following that declaration for each REA, GTI converted the REA into a CDA claim and requested a Contracting Officer's final decision thereon.

The first two certified claims, Security Requirements and Site Surveys, were filed on February 2, 2005. Hearing nothing from the Contracting Officer in the sixty days following submission of these first two CDA claims, GTI deemed these claims denied and filed suit with the Court. These first two claims were bundled together and filed with the Court as Civil Action 05-463C on April 11, 2005. The third CDA claim, Liquidtight Solution, was filed on February 14, 2005. Hearing nothing from the Contracting Officer in the sixty days following submission of that claim, which was not certified because it sought less than $100,000, GTI filed an action with the Court on April 22, 2005 (*i.e.*, the same action that prompted the preparation of the instant pleading).

The status of the remaining three REAs (numbered REA 4, 5, and 6 from above), and the dates on which the REAs were converted to CDA claims, are as follows:

- Phase II CLIN Re-Pricing -- $793,415; claim submission date: March 7, 2005
- Full Quantities of Program Mgmt. -- $4,949,421; claim sub. date: March 8, 2005
- Site Complexity -- $756,946; claim submission date: March 29, 2005

If these claims are denied by the Postal Service Contracting Officer or are deemed denied as a matter of law, GTI expects to file Complaints with the Court at an early opportunity to move these matters from an administrative forum to a judicial forum. For each such filing with the Court, GTI plans to file a Notice of Directly Related Case and plans to request that the action be assigned to Senior Judge Smith and that it be consolidated with the earlier-filed actions.

While a discussion of planned activities beyond the filing of the instant action is not addressed in RCFC 40.2, GTI wanted to share with the Court the totality of the matters expected to be brought before it so that the Court will not be inconvenienced or surprised by these upcoming expected filings.

Dated: this 22nd day of April 2005.

Respectfully submitted,

**Government Telecommunications, Inc.**

By Counsel:

John C. Person, Esquire
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 466-4434 – phone
(202) 466-4416 – fax
jcperson@perscrav.com

Attorneys for Plaintiff

Of Counsel:

Michael Krawitz, Esq.
General Counsel, Applied Digital