IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 05-491C |
| | ) (Senior Judge Smith) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegation contained in the first sentence of paragraph one is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph one is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in paragraph two is a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in the first sentence of paragraph three, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph three to the extent supported by the contracts cited, which are the best evidence of

their contents; otherwise denies the allegations contained in the second sentence of paragraph three. Denies the allegations contained in the third, fourth and fifth sentences of paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegation contained in paragraph four is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

5. The allegations contained in the first sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph five. The allegations contained in the third and fourth sentences of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph six to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph six. Admits the allegations contained in the second and third sentences of paragraph six. The allegation contained in the

fourth sentence of paragraph six is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the fifth sentence of paragraph six.

7. Admits the allegations contained in paragraph seven to the extent supported by the Statement of Work ("SOW") cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph seven.

8. Admits.

9. Admits.

10. Denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 13. Admits the allegation

contained in the third sentence of paragraph 13 that "USPS and its Raleigh Engineering Group . . . approved each proposal before installation" to the extent that designated USPS and Raleigh Engineering Group personnel possessed authority to approve proposals; otherwise denies this allegation; denies the remaining allegation contained in the third sentence of paragraph 13.

14. Admits.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegation contained in the first sentence of paragraph 16 to the extent that use of ENT was reconsidered after discussion between the parties; denies the remainder of the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent that meetings were held on June 2 and June 8; denies the remainder of the allegations contained in the first sentence of paragraph 18. Admits the allegations

contained in the second sentence of paragraph 18. Admits the allegation contained in the third sentence of paragraph 18 that USPS identified June 11th as the Mohawk decision date; denies the remainder of the allegations contained in the third sentence of paragraph 18.

19. Admits the allegations contained in the first, second, and third sentences of paragraph 19. Denies the allegations contained in the fourth sentence of paragraph 19. Admits the allegations contained in the fifth and sixth sentences of paragraph 19. Denies the allegations contained in the seventh sentence of paragraph 19.

20. Admits the allegation contained in the first sentence of paragraph 20 to the extent that USPS identified June 11th as the Mohawk decision date; denies the remaining allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20. Admits the allegation contained in the third sentence of paragraph 20 to the extent that USPS identified June 11th as the Mohawk decision date; denies the remaining allegations contained in the third sentence of paragraph 20.

21. Admits the allegations contained in the first and second sentences of paragraph 21 to the extent that a trial installation of Mohawk cable was conducted by GTI on-site subcontractors on June 8th; denies the remainder of the

allegations contained in the first and second sentences of paragraph 21. Admits the allegations contained in the third sentence of paragraph 21 to the extent that USPS directed GTI to adopt the Mohawk cable solution for the remaining 87 Phase MPI sites; denies the remainder of the allegations contained in the third sentence of paragraph 21.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits.

24. Admits the allegation contained in the first sentence of paragraph 24 that the USPS determined and directed that the project would go forward with Mohawk cable, and announced that Mohawk cable would be added to the SOW; denies the remaining allegation contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the second, third, and fourth sentences of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegation contained in the first sentence of paragraph 25 to the extent supported by the price document referenced, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 25. Admits the allegation contained in the second

sentence of paragraph 25. Denies the allegation contained in the third sentence of paragraph 25; admits that the USPS directed GTI to propose lower pricing for the Mohawk cable due to GTI's unacceptable first proposal. Admits the allegation contained in the fourth sentence of paragraph 25. Denies the allegations contained in the fifth and sixth sentences of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the seventh sentence of paragraph 25 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegation contained in the seventh sentence of paragraph 25.

26. Denies the allegation contained in the first sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second and third sentences of paragraph 26.

27. Admits the allegation contained in the first sentence of paragraph 27 to the extent supported by the "updated pricing" document cited to, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 27. Admits the allegations contained in the second and third sentences of paragraph 27. Denies the allegations contained in the fourth, fifth, and sixth sentences of paragraph 27 for lack of knowledge or information sufficient to form a

belief as to their truth.

28. Admits the allegation contained in the first sentence of paragraph 28 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 28. Admits the allegation contained in the second sentence of paragraph 28. Denies the allegation contained in the third sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to its truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegation contained in the first sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 30 that the United States Postal Service ("USPS") was "late" in deciding to use supported liquidtight on Phase II; denies the remaining allegation contained in the second sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the third and fourth sentences of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits the allegations contained in the first, second, and third sentences of paragraph 31. Denies the allegation contained in the fourth sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to its truth.

32. Denies the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 32. Admits the allegations contained in the third and fourth sentences of paragraph 32, that the USPS made changes to the specification to the extent supported by the contract's statement of work, which is the best evidence of its contents; otherwise denies these allegations; denies the remaining allegations contained in the third and fourth sentences of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits the allegation contained in the first sentence of paragraph 33 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 33. Denies the allegations contained in the second sentence of paragraph 33.

34. Denies the allegation contained in the first sentence of paragraph 34 that the parties "reached a constructive impasse in the liquidtight REA contract administration process" for lack of knowledge or information sufficient to form a belief as to its truth; admits the remaining allegation contained in the first sentence of paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegation contained in the first sentence of paragraph 34. Denies the allegations contained in the second sentence of paragraph 34. The allegation contained in the third sentence of paragraph 34 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. Defendant's responses to paragraphs 1 through 34 of the complaint are incorporated by reference.

36. Denies the allegation contained in the first sentence of paragraph 36, that GTI is entitled to an equitable adjustment to the contract price; admits the remaining allegation contained in the first sentence of paragraph 36 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remaining allegation contained in the first sentence of paragraph 36. Admits the allegation contained in the second sentence of paragraph 36 to the extent supported by the contract cited, which is the best evidence of its contents;

otherwise denies the allegation contained in the second sentence of paragraph 36.

37. Denies.

38. Denies.

39. The allegations contained in paragraph 39 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 39 or to any relief whatsoever.

40. Defendant's responses to paragraphs 1 through 39 of the complaint are incorporated by reference.

41. Denies.

42. Denies.

43. Denies.

44. The allegations contained in paragraph 44 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 44 or to any relief whatsoever.

46. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

RENEE C. MACRI
Attorney
United States Postal Service
Law Department

AUGUST 4, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 4th day of AUGUST, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

/s/ Lauren S. Moore